UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID MOHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>THE KING CITY POLICE DEPARTMENT,<br><br>Defendant. | Case No.17-cv-04477-SVK<br><br>**ORDER FOR REASSIGNMENT; REPORT AND RECOMMENDATION TO GRANT IFP APPLICATION AND DISMISS COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 2 |

Plaintiff Khalid Mohammad seeks leave to proceed in forma pauperis ("IFP") with this section 1983 action, filed on February 7, 2017. Mohammad challenges an allegedly unlawful incarceration that spanned from November 16, 2004 to December 4, 2011. *See* ECF 1, Compl. ¶¶ 4, 7. On August 31, 2017, Mohammad declined consent to the jurisdiction of the undersigned magistrate judge. ECF 6. Because Mohammad declined consent, this matter will be reassigned to a district judge with the following report and recommendation. The Court recommends that Mohammad's IFP application be granted, but that Mohammad's complaint be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e).

**I.    BACKGROUND**

Plaintiff alleges that a KCPD officer, "KCPD-DOE," acting in his official capacity, arrested him on November 16, 2004, in King City, California. *Id.* ¶ 4. He further alleges that he was incarcerated in California from that date until December 4, 2011, "without prosecution, without a sentence, without a court order, without an underlying conviction, without a verdict of guilty, without a plea of guilty, without a finding of guilt[ ], without any admission(s) of guilt [ ], and/or without any consent from the plaintiff[.]" *Id.* For this conduct, Plaintiff brings claims

1  under California Government Code §§ 815–818.92 and 42 U.S.C. § 1983. *Id.* ¶ 17.

2  This is the fourth time Mohamad has filed a claim arising out of his arrest and subsequent incarceration. *See Mohammad v. Cal. Dep't of Corrs.* (*Mohammad I*), No. 14-cv-03837 (N.D. Cal. filed Aug. 25, 2014) (claims against CDCR dismissed; failure to attend case management conference resulted in dismissal against all other defendants); *Mohammad v. King City Police Dep't* (*Mohammad II*), No. 16-cv-02903 (N.D. Cal. filed May. 31, 2016); *Mohammad v. King City Police Department* (*Mohammad III*), Case No. 17-cv-615, ECF 11 (N.D. Cal. filed Mar. 13, 2017). The complaint here is virtually identical to the complaint Mohammad filed in two prior cases, *Mohammad II* and *Mohammad III*. In *Mohammad II*, this Court granted Defendant's motion to dismiss finding that Mohammad's claim was barred by section 1983's two-year statute of limitations. *Mohammad II*, Case No. 16-cv-2903, ECF 12. The Court nevertheless granted Mohammad leave to amend to plead facts supporting the application of equitable tolling or estoppel, to the extent he was able to do so. *Id.* at 4. Mohammad did not amend the complaint, and ultimately, the case was dismissed without prejudice. *Mohammad II*, Case No. 16-cv-2903, ECF 30.

Similarly, in *Mohammad III*, this Court screened Mohammad's complaint after he filed an IFP application, and dismissed with leave to amend, finding that Mohammad's claims were frivolous for failing to cure the defects identified in *Mohammad II*. The Court granted leave to amend because Mohammad could have cured the statute of limitations defect by pleading facts that supported equitable tolling or estoppel. *Mohammad III*, Case No. 16-cv-615, ECF 9. After amendment, Defendants moved to dismiss. The Court granted the motion to dismiss without leave to amend. First, the Court found Mohammad's section 1983 claim against KCPD was deficient because KCPD is not a person under section 1983. *Mohammad III*, No. 16-cv-615, ECF 21 at 4-5. Second, the Court again found Mohammad's claims, including his claim against KCPD-DOE, were time-barred. *Id*. at 5-6. The Court dismissed without leave to amend because "Mohammad has, over the course of four years, three cases, and four motions, failed to remedy [the] basic error in his pleadings despite clear warnings[.]" *Mohammad III*, Case No. 16-cv-615, ECF 21.

## II. LEGAL STANDARD

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a).

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal on these grounds is often ordered sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. *Id.* at 324; *see also Curtis v. Dep't of Indian Affairs & N. Dev.*, No. C06-3536 PJH, 2006 WL 2568024, at *1 (N.D. Cal. Sept. 5, 2006) (dismissing complaint as frivolous where complaint was nearly identical to previously filed complaint). Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir.1987). *Pierson v. California, No.* C 06-3810 PJH, 2006 WL 1980368, at *1 (N.D. Cal. July 13, 2006).

## III. ANALYSIS

Having evaluated Mohammad's financial affidavit, the Court finds that he has satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a) and recommends that the application to proceed IFP be granted.

However, after evaluation of the complaint under 28 U.S.C. § 1915(e), the Court recommends that Mohammad's complaint be dismissed without leave to amend because it fails to

state a claim, is frivolous, and cannot be cured by amendment. First, as identified by this Court previously, KCPD is not a proper defendant under section 1983, and Mohammad's claims are barred by the two-year statute of limitations. *Mohammad III*, Case No. 16-cv-615, ECF 9 at 2; ECF 21 at 5-6. Although the Court has outlined these deficiencies previously, Mohammad failed to cure these deficiencies in his First Amended Complaints in *Mohammad II* and *Mohammad III* and has again failed to cure these deficiencies here. Thus, as pled, the complaint fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

While leave to amend may be granted for failure to state a claim, section 1915(e) requires dismissal if a complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). This is Mohammad's fourth complaint filed regarding this incident and his second this year. Furthermore, it is nearly identical to two previously-filed cases, wherein the Court gave leave to amend. Previously, Mohammad either did not amend his complaint, or as in *Mohammad III*, amended without curing the defects identified by the Court. In light of the facts that 1) Mohammad has repeatedly filed complaints about the incident that ended in December 2011; 2) The complaint in this case is nearly identical to two previously-filed and dismissed complaints; and 3) This Court's previous finding that his complaint is frivolous, the Court finds that the complaint in this action is frivolous. Because Plaintiff has been given multiple opportunities to cure the defects but has not done so, the Court concludes that there is no set of facts that could cure the frivolousness of Mohammad's complaint. Consequently, the Court recommends that leave to amend not be granted.

## IV. CONCLUSION

Because Plaintiff declined to consent to a magistrate judge jurisdiction under 28 U.S.C. § 636(c), the Court orders this matter reassigned to a district judge with this recommendation that Plaintiff Mohammad's IFP application be granted and his complaint be dismissed with prejudice.

**SO ORDERED AND RECOMMENDED.**

Dated: 9/28/2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge

4